**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **GLOBAL SALES GROUP, CORP.** *Plaintiff,* vs. **SENCI POWER USA, INC. D/B/A A-IPOWER CORP.** *Defendants.* | CASE NO.: **23-cv-1213 (SCC)** BREACH OF CONTRACT; VIOLATION OF THE PUERTO RICO DEALER'S ACT, Act No. 75 of June 24, 1964, as amended, 10 P.R. Laws Ann. § 278 *et seq.*; DEMAND FOR TRIAL BY JURY |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, and the parties' stipulations, IT IS HEREBY ORDERED:

1. This Stipulated Protective Order ("Protective Order") is entered into by and between the parties to the above-captioned litigation (hereinafter referred to as the "Parties") to establish procedures for the protection of certain designated information, including trade secrets -like product pricing and margins- internal financial information, product volumes, clients list, among others, and commercially confidential information during this litigation.

2. For purposes of the Protective Order, the following terms will be defined as follow:

    a. **Designated Information**: Information that a Party believes, in good faith, to be confidential information. This includes personal information such as personal addresses, account numbers, social security numbers, dates of birth, or other identifying information. It may also include business financial data, trade secret or other confidential research, development, proprietary, financial, commercial, business strategy, product pricing, product margins, product volumes, client and vendor lists, and otherwise sensitive business information or records that may reasonably prejudice the producing party if seen by a direct competitor and/or client.

    b. **Receiving Party**: Any Party, its counsel, and agents who receive Designated Information.

    c. **Designating Party**: Any Party, its counsel, and agents who designate documents, things, testimony, or information as Designated Information.

3. Any Party may designate documents, things, testimony, or information as "Confidential" if it believes in good faith that such information meets the definition of Designated Information.

4. The designation shall be made by placing the following legend on each page or item of information:

    a. "CONFIDENTIAL" for information designated as confidential.

5. The scope of this Protective Order shall be understood to include not only documents, things, testimony, or information deemed as CONFIDENTIAL, but also information derived therefrom and all excerpts and summaries, testimony, and oral conversation.

6. Irrespective of any confidential designation by a producing party, any document, thing, testimony, or information so designated shall not be subject to this Protective Order if said documents were independently obtained from a non-party on an unrestricted basis.

7. If any of Party challenges the designation of any Designated Information as confidential, that party shall notify all other interested parties in writing. All interested parties shall make best efforts to resolve disagreements as to confidentiality without involving the Court. In the event that the interested parties are unable to resolve their disagreements as to confidentiality within ten (10) business days of the date the challenging party notifies the other interested parties of the challenging in writing, the challenging party may move the Court for relief with respect to the confidentiality designation of the challenged material. The burden of proof of confidentiality shall be on the party asserting the same.

8. Designated Information may only be used for purposes related to this litigation.

9. The Parties agree that all Designated Information exchanged between the Parties shall not be used for any other purpose than for this litigation, including any business, commercial, competitive, personal, or other purposes.

10. The Designated Information may only be used for or be disclosed, for the purposes set forth herein, to: the Parties, in-house, and outside counsel and their staff necessarily involved in the conduct of the Litigation, the Court (including its personnel), experts, outside vendors necessary to assist in the action, witnesses and deponent, litigation support services, insurers (and their counsel), auditors, accountants or any person or entity to the extent required by operation of law, lawful subpoena, or court order.

11. Prior to receiving, being shown or using Designated Information, persons falling in the categories listed above, other than the Parties, their counsel, or the Court shall be shown a copy of this Order and shall agree in writing by signing an acknowledgement in the form of **Exhibit A** hereto, and, if during deposition or trial, by agreeing verbally on the record, to be bound by its terms. If a deponent refuses to assent, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality. No copy of the transcript or related exhibits shall be given to any deponent who does not agree to be bound by the terms of this Order.

12. The Parties may jointly or separately request that the Court permit the filing of documents containing Designated Information under seal pursuant to applicable court rules.

13. Pursuant to Federal Rule of Evidence 502(b), the Parties' production of Designated Information shall not constitute a waiver of any attorney-client privilege or work product protection applicable to those documents.

14. If Designated Information is inadvertently produced, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

15. A non-party to this matter from whom Designated Information is sought and/or received may stipulate to this Order and may thereby obtain the benefits, rights, and protections of a designating party under this Order, regardless of whether the Order is amended to add a non- party. By so stipulating, the non-party agrees to be bound by and

comply with all terms of this Order and consents to this Court's jurisdiction over it for purposes of enforcing this Order.

16. Upon the conclusion of this litigation, including any appeals, the Receiving Party shall return or destroy all Designated Information, subject to any court order.

17. This Protective Order shall survive the conclusion of this litigation and the Court will retain jurisdiction to enforce its terms.

18. The Parties to the litigation in this matter have agreed to abide by the terms of this Protective Order, and their counsel, experts, and consultants, if any, shall also be bound by its terms. Also, other non-parties to this litigation will be bound by this Protective Order if they, with the written consent of the parties, have agreed to be bound by this Order.

19. Nothing contained in the Protective Order is in prejudice to the right of any of the Parties to request this Court for an order compelling production of documents and any other information as provided by law.

**SO ORDERED**, this _____ day of _____, 2023.

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**United States District Court
for the District of Puerto Rico**

| | |
|---|---|
| GLOBAL SALES GROUP, CORP.<br><br>Plaintiff<br><br>   v.<br><br>SENCI POWER USA, INC. D/B/A A-IPOWER, CORP.<br><br>Defendants | CIVIL ACTION NO. 23-cv-01213(SCC)<br><br>BREACH OF CONTRACT; VIOLATION OF THE PUERTO RICO DEALER'S ACT, Act No. 75 of June 24, 1964, as amended, 10 P.R. Laws Ann. § 278 et seq.; DEMAND FOR TRIAL BY JURY |

**CONFIDENTIALITY AGREEMENT**

I, _____ represent and agree as follows:

I reside at _____ (Street Address), _____,

(City), _____ (State), _____ (Zip Code), _____ (Country)

and I am employed as _____ _____   (Title)  by _____

_____ (Employer), _____ _____,

(Street Address), (City), _____ (State), _____ (Zip Code), _____ (Country)

_____,_____,_____. (State)        (Zip Code)          (Daytime Telephone)

1. I have read and know the contents of the "Stipulated Protective Order," dated_____, 2023, filed in the above entitled action, agree to be bound by its terms and conditions, and submit myself to the jurisdiction of the U.S. District Court for the District of Puerto Rico relative to assuring enforcement of the terms and conditions of this Stipulated Protective Order.

2. I am one of the persons described in Paragraph 11 of the Stipulated Protective Order, and I am signing this Confidentiality Agreement and agreeing to enter into this Confidentiality Agreement in order to satisfy the conditions provided for in the Stipulated Protective Order prior to the disclosure to me of any Designated Information as said term is defined and described in the Stipulated Protective Order.

3. I expressly agree that:

    a. I have read and shall be fully bound by the terms of the Stipulated Protective Order;

    b. All such Designated Information as is disclosed to be pursuant to the Stipulated Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of, the Designated Information except in accordance with the Stipulated Protective Order;

    c. I shall not use or refer to any Designated Material, or copies thereof, other than in connection with the above entitled action and as provided in the Stipulated Protective Order; and

    d. I shall, upon being notified of the termination of the above entitled action proffer the return of all copies of all Designated Material to the counsel for the party who furnished such Designated Material to me, and I shall destroy any notes and memoranda I have regarding the same.

Date: _____

Signed Name _____