# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GLOBAL SALES GROUP, CORP.** *Plaintiff,* vs. **SENCI POWER USA, INC. D/B/A A-IPOWER CORP.** *Defendant.* | CASE NO.: **23-cv-1213 (SCC/GLS)** BREACH OF CONTRACT; VIOLATION OF THE PUERTO RICO DEALER'S ACT, Act No. 75 of June 24, 1964, as amended, 10 P.R. Laws Ann. § 278 *et seq.*; DEMAND FOR TRIAL BY JURY |

## MOTION TO QUASH *SUBPOENA* OF MR. CHRISTOPHER GIALLANZA

**COMES NOW, Global Sales Group, Corp.** (hereinafter "GSG"), through its undersigned counsel, and very respectfully STATES and PRAYS:

### I. Introduction and relevant procedural background.

The appearing party seeks, pursuant to Rule 45 of the Federal Rules of Civil Procedure, to quash Defendant A-iPower Corp.'s improvident service of a non-party *subpoena* served in the above-entitled action.

The parties are currently engaged in the scheduling of depositions in the instant case and, in this context, on March 27, 2024, counsel for Defendant's advised of its intent to issue a non-party *subpoena* for the taking of deposition of Mr. Christopher Giallanza, an employee of Home Depot, Inc. See, **Exhibit 1**. Defendants advised of their intent to depose Mr. Giallanza on April 30, 2024. *Id.* Neither Mr. Giallanza nor Home Depot, Inc. are parties to the instant litigation.

On April 3, 2024, GSG raised an objection, in writing, to the taking of deposition of Mr. Chrsitopher Giallanza, further stating that it would serve its detailed objection to the same by separate communication. See, **Exhibit 2**. Plaintiff <u>did not</u> confirm its availability for the proposed April 30th deposition date, since it had already stated its objection to the taking of this deposition.

Notwithstanding the foregoing, <u>and without any notice to Plaintiff or regard to the provisions of Local Civil Rule 26</u>, on April 5th Defendant issued the referenced *subpoena* for the taking of deposition of Mr. Giallanza on April 30th. See, **Exhibit 3**. It is worth mentioning that Defendant did not notify Plaintiff of the issuance of the *subpoena* <u>until 4 days later</u> by e-mail sent on April 9th at 6:45pm. See, **Exhibit 4**.

On April 10, 2024, GSG served its detailed objection to the non-party *subpoena* arguing *inter alia* that the sought after non-party discovery is devoid of any valid purpose and has been interposed by Defendant for harassment. See, **Exhibit 5**. In this context, the referenced *subpoena* fails to articulate any valid purpose for the taking of the deposition. Defendant also fails to show how the information it intends to procure with deposition cannot be obtained from the litigating parties or other sources. *Id*. Absent a valid discovery purpose, Plaintiff submits that the *subpoena's* true intent is to harass GSG by attempting to lacerate its long-standing commercial relationship with Home Depot, Inc., a non-party to this action. GSG invited Defendant to "explore other, less intrusive and burdensome avenues to obtain whatever information it seeks from this Home Depot employee." *Id.*

Finally, Plaintiff formally requested that Defendant "immediately stay service of the *subpoena* addressed to Mr. Giallanza until the parties can 'meet and confer' as to this issue

pursuant to Local Civil Rule 26." *Id*. The letter further stated that "[t]he undersigned counsel is available to confer by phone or video conference at any time in the afternoon of Monday, April 15th." *Id*. <u>Unbeknownst to Plaintiff, Defendant would ignore Plaintiff's objection, and proceed to serve the objected *subpoena* on April 11th</u>. See, **Exhibit 3**.

On April 16th, the parties held a "meet and confer" pursuant to Local Civil Rule 26 to discuss several pending discovery items, including GSG's objection to the taking of Mr. Giallanza's deposition. Minutes prior to the refenced meeting, Defendant served its written response to GSS April 10th objection letter. See. **Exhibit 6**. In its response, <u>Defendant did not explain the valid purpose behind the deposition and unequivocally stated its unwillingness to cancel the same</u>. *Id*. During the "meet and confer" held on that day, Defendant's position did not change and counsel for defendant's reiterated its intent to proceed with the deposition.

On April 17th, counsel for Defendant remitted copy of the served *subpoena*. See, **Exhibit 7**. To our surprise, the *subpoena* was served on April 11th (**Exhibit 3**), <u>the day after our April 10th objection letter</u>. It also took Defendant <u>6 days</u> to notify Plaintiff that the *subpoena* had been served.

For the reasons set forth herein, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, GSG respectfully requests that the non-party *subpoena* served upon Mr. Chrsitopher Giallanza be quashed.

**II.    Discussion.**

*A. The sought after non-party discovery lacks a valid purpose.*

*Motion to Quash…*
CASE NO.: **23-cv-1213 (SCC/GLS)**
Page 4

GSG submits that the sought after non-party discovery is devoid of any valid purpose and has been interposed by Defendant for harassment and in an attempt to lacerate its commercial relationship with Home Depot, Inc.

As already stated herein, Mr. Christopher Giallanza is an employee of Home Depot, Inc., a non-party to the referenced action. Neither Mr. Giallanza, nor Home Depot, Inc., have an interest in the outcome of the litigation. In this context, it is a well-settled principle that non-party discovery is limited and should be allowed only in exceptional circumstances. The Federal Rules of Civil Procedure provide a framework that emphasizes the importance of restricting non-party discovery to situations where it is truly necessary and relevant to the case at hand. This limitation is crucial to prevent the misuse of discovery procedures for improper purposes, such as harassment or undue burden on non-parties who are not directly involved in the litigation. The rules aim to balance the need for relevant information with the protection of non-parties from unwarranted intrusion into their affairs.

Neither Defendant's discovery responses thus far, nor the *subpoena* per se, articulate any valid purpose for the taking of the deposition. Defendant also fails to show how the information it intends to procure with deposition cannot be obtained from the litigating parties or other sources. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." However, the rule also provides that a "[t]he court must limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less

burdensome, or less expensive." Likewise, Rule 26(b)(2)(C) holds that any proposed discovery outside these margins is not permitted.

GSG highlighted to Defendant Mr. Giallanza is the <u>former buyer</u> in the electrical generator category at Home Depot, <u>a position that he no longer holds</u>. That being the case, GSG fails to see what possible relevance his testimony could have to the instant litigation. Consequently, absent a valid purpose, the only reasonable conclusion is that the *subpoena's* true intent is to harass GSG by attempting to lacerate its long-standing commercial relationship with Home Depot, a non-party to this action.

Home Depot has a long-standing business relationship with GSG, and the discovery seems intent on lacerating this relationship. GSG has standing to quash any subpoena served upon Mr. Giallanza since it seeks to protect a valid interest, as stated in Rule 26(c)(1), such as annoyance, embarrassment, oppression, or undue burden or expense. This authority is granted in order to minimize excessive expense, delay, and potential abuse of the process, and may include forbidding disclosure or discovery.  See, <u>Cabi v. Boston Children's Hospital</u>, 2017 U.S. Dist. LEXIS 230174, 2017 WL 8232179, at 2 (quoting Fed. R. Civ. P. 26(c)(1)(A)). Additionally, Rule 45(c) of the Federal Rules Civil Procedure permits a court to quash or modify a subpoena if it "subjects a person to an undue burden". Fed. R. Civ. P. 45 (c)(3)(A)(iv). When ruling on such a motion, the Court must "weigh the need of the party seeking discovery against any undue hardships created by permitting it," and consider the potential discovery's "relevance, the requesting party's need, the breadth of the request, and the burden imposed." *Id*. (quoting <u>Green v. Cosby</u>, 152 F. Supp. 3d 31, at 36).

### B.  The subpoena is also technically deficient.

The *subpoena* subject of the instant motion also suffers from several technical defects, which further warrant the relief sought by Plaintiff.

First, the Federal Rules of Civil Procedure require that a *subpoena* be served on the person to whom it is directed. Rule 45(b)(1) expressly provides that a *subpoena* must be served upon "the named person."  In this case, the *subpoena* was not served on Mr. Chrsitopher Giallanza directly, but rather was served on a Mr. Rodney Willis, who is identified in the proof of service as a "Security Supervisor" as the Home Depot Headquarters in Atlanta, Georgia. See, **Exhibit 3**.  This is not a proper method of service under the Rules.

Moreover, the *subpoena* does not appear to comply with the requirement that a *subpoena* must be accompanied by the appearance fee required by Rule 45(b)(1). Federal Rule of Civil Procedure 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Many courts have found that failure to include the appropriate fees at the time of service invalidates the subpoena and the non-party deponent is not required to attend the deposition.  See, In re New England Compounding Pharmacy, Inc. Products Liability Litigation, 2013 U.S. Dist. LEXIS 161652, 2013 WL 6058483, at *5 (D. Mass. Nov. 13, 2013);  See also, Song v. Dreamtouch, Inc., 2001 U.S. Dist. LEXIS 5822, 2001 WL 487413, at *7 (S.D.N.Y. May 8, 2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid.'); Brown v. Hendler, 2011 U.S. Dist. LEXIS 9476, 2011

WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (citing <u>CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.</u>, 713 F.2d 494, 496 (9th Cir.1983)).

**WHEREFORE,** Plaintiff GSG hereby requests that the Court take notice of the aforementioned and enter an order quashing the non-party *subpoena* issued for Mr. Christopher Giallanza.

### LOCAL CIVIL RULE 26(b) CERTIFICATION

I, Eyck O. Lugo, hereby certify that a reasonable and good-faith efforts were made to reach an agreement with opposing counsel on the matters set forth in this Motion, but an agreement could not be reached.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 19th day of April 2024.

**WE HEREBY CERTIFY:** I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to the parties of record.

**EDGE Legal, LLC**
252 Ponce de León Ave.
Citibank Tower, Suite 1200
San Juan, Puerto Rico 00918
Tel. (787) 522-2000
Fax (787)522-2010

*s/Eyck O. Lugo*
EYCK O. LUGO, ESQ.
USDN 216708
E-mail: *elugo@edgelegal.com*