

April 10, 2024

**BY E-MAIL** jmellado@mellado.com; tleal@mellado.com

Jairo Mellado-Villarreal, Esq.
Tessie Leal Garabís, Esq.
Mellado & Mellado-Villarreal
156 Ponce de León Avenue, Suite 102
San Juan, Puerto Rico 00917-1235

> **RE: Global Sales Group, Corp. v. Senci Power USA, Inc. d/b/a A-iPower Corp., Case No. 23-1213 (SCC), U.S. District Court for the District of Puerto Rico**

Dear counsel:

On April 3, 2024, Plaintiff promptly raised an objection to the taking of deposition of Mr. Chrsitopher Giallanza, stating that it would serve a formal, detailed objection to the same by separate communication. We also <u>did not</u> confirm our availability for the April 30th date you proposed, since we had already announced our objection to this deposition.

Notwithstanding the foregoing, and without any regard to the provisions of Local Civil Rule 26, at 6:45pm yesterday you notified us with a copy of a *subpoena* addressed to Mr. Giallanza for the taking of his deposition on April 30th. You further state that you "are currently in the process of servicing the same".

Global Sales Group, Inc. ("GSG") submits that the sought after non-party discovery is devoid of any valid purpose and has been interposed by A-iPower for harassment.

Mr. Giallanza is an employee of Home Depot, a non-party to the referenced action. Mr. Giallanza has no interest in the outcome of the litigation. In this context, it is a well-settled principle that non-party discovery is limited and should be allowed only in exceptional circumstances. The Federal Rules of Civil Procedure provide a framework that emphasizes the importance of restricting non-party discovery to situations where it is truly necessary and relevant to the case at hand. This limitation is crucial to prevent the misuse of discovery procedures for improper purposes, such as harassment or undue burden on non-parties who are not directly involved in the litigation. The rules aim to balance the need for relevant information with the protection of non-parties from unwarranted intrusion into their affairs.

252 Ponce de León Ave. 12th Floor San Juan, PR 00918 | 12 Ramírez Silva St. Esq. Las Acacias Mayagüez, PR 00680 | 787.522.2000 | 787.522.2010 | www.edgelegalpr.com

The *subpoena* A-iPower so recklessly intends to serve upon Mr. Giallanza fails to articulate any valid purpose for the taking of the deposition. A-iPower also fails to show how the information it intends to procure with deposition cannot be obtained from the litigating parties or other sources. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." However, the rule also provides that a "[t]he court must limit the frequency or extent of discovery if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Likewise, Rule 26(b)(2)(C) holds that any proposed discovery outside these margins is not permitted.

In this regard, it is important to note that Mr. Giallanza is the *former* buyer in the electrical generator category at Home Depot, <u>a position that he no longer holds</u>.  That being the case, we fail to see what possible relevance his testimony could have to the instant litigation.

 Consequently, absent a valid purpose, the only reasonable conclusion is that the *subpoena's* true intent is to harass GSG by attempting to lacerate its long-standing commercial relationship with Home Depot, a non-party to this action. As your client is aware, Home Depot has a long-standing business relationship with GSG, and the discovery seems intent on lacerating this relationship.

GSG has standing to quash any *subpoena* served upon Mr. Giallanza since it seeks to protect a valid interest, as stated in Rule 26(c)(1), such as annoyance, embarrassment, oppression, or undue burden or expense. This authority is granted in order to minimize excessive expense, delay, and potential abuse of the process, and may include forbidding disclosure or discovery. <u>Cabi v. Boston Children's Hospital</u>, 2017 U.S. Dist. LEXIS 230174, 2017 WL 8232179, at 2 (quoting Fed. R. Civ. P. 26(c)(1)(A)).

Additionally, Rule 45(c) of the Federal Rules Civil Procedure permits a court to quash or modify a *subpoena* if it "subjects a person to an undue burden". Fed. R. Civ. P. 45 (c)(3)(A)(iv). When ruling on such a motion, the Court must "weigh the need of the party seeking discovery against any undue hardships created by permitting it," and consider the potential discovery's "relevance, the requesting party's need, the breadth of the request, and the burden imposed." *Id.* (*quoting* <u>Green v. Cosby</u>, 152 F. Supp. 3d 31, at 36).

Finally, we must highlight A-iPower's serious lack of judgment in deciding to conduct this type of intrusive and unwarranted discovery on an employee of Home Depot, which whom A-iPower also has a direct commercial relationship.  This action risks damaging the existing business relationship, creating unnecessary conflict, and could potentially be seen as a use of the discovery process to harass Home Depot. As such, GSG submits that it behooves A-iPower to explore other, less intrusive and burdensome avenues to obtain whatever information it seeks from this Home Depot employee.

Based on the foregoing, Plaintiff formally requests that defendant immediately stay service of the *subpoena* addressed to Mr. Giallanza until the parties can "meet and confer" as to

this issue pursuant to Local Civil Rule 26.  The undersigned counsel is available to confer by phone or video conference at any time in the afternoon of Monday, April 15th.

GSG expressly reserves the right to raise additional objections to the announced *subpoena* addressed to Mr. Giallanza, not expressly set forth herein.

The instant communication is sent pursuant to Local Civil Rule 26.


Cordially,


*s/Eyck O. Lugo*
**Eyck O. Lugo**


C:   Adriana Vega, Esq.