## MELLADO & MELLADO-VILLARREAL

165 Ponce de León Avenue, Suite 102
San Juan, Puerto Rico   00917-1235
Tel. (787) 767-2600/Fax (787) 767-2645

<u>VIA EMAIL</u>

April 16, 2024

Eyck Lugo, Esq.
elugo@edgelegal.com
Adriana Vega, Esq.
avh@edgelegal.com
Edge Legal LLC

RE: Global Sales Group, Corp. ("GSG") v. Senci Power USA, Inc. d/b/a A-iPower Corp. ("AIP"), Case No. 23-1213 (SCC), USDC-PR.

Dear brother counsel:

This is in response to Global Sales Group, Corp.'s ("GSG") communication - dated April 10, 2024 - regarding the subpoena issued on Mr. Christopher Giallanza of The Home Depot. A-iPower ("AIP") has reviewed the content of this letter and hereby rejects its objections.

First, however, we take exception to GSG's claim that its objection was "prompt." AIP informed that it would take the deposition of Mr. Giallanza on March 27, 2024, via email. A week later, April 3, 2024, GSG sent an email generally objecting to the subpoena but advising that it would send a more detailed explanation sometime in the future. Thereafter, AIP issued the subpoena on April 5, 2024. It was a week after its announcement that it would object to the third-party subpoena that GSG actually objected to the subpoena. That is, GSG objected to the subpoena of Mr. Giallanza two weeks after it was announced. Thus, GSG's claim to expediency is belied by the record.

As to the content of GSG's letter, AIP cannot agree since the arguments it puts forth are without merit.

The letter contends that AIP must "show how the information it intends to procure with deposition cannot be obtained from the litigating parties or other sources." This argument is contrary to basic federal civil procedure, Fed. R. Civ. P. 45 contains no such requirement. Moreover, "[i]t is well settled that: [t]**he party resisting production** bears the burden of establishing lack of relevancy or undue burden." A*ponte-Navedo v. Nalco Chemical Co.*, 268 F.R.D. 31, 36 (D.P.R. 2010) (emphasis added).

Also, GSG claims to have standing to move to quash the subpoena and cites to the case of *Cabi v. Boston Children's Hospital*, 2017 U.S. Dist. LEXIS 230174, 2017 WL 8232179, at *2 (D. Mass. June 21, 2017). Even a cursory reading of that case, however, shows that GSG's argument lacks

Eyck Lugo, Esq.
Adriana Vega, Esq.
April 15, 2024
Page 2 of 2

merit. Cabi holds that "a party lacks standing to quash a subpoena issued to a nonparty unless the party has a claim of privilege attached to the information sought or unless it implicates a party's privacy interests." *Id.* Your letter claims that it has a "valid interest" but fails to specify what that supposed interest is. That is simply not sufficient. Furthermore, a "party cannot confer standing upon itself simply by alleging," like GSG does in the letter, "that the information sought from the non-party is irrelevant to the underlying action." *Cabi*, 2017 WL 8232179 at *3 (citing *In Re Stone & Webster, Inc. v. Securities Litigation*, 2006 WL 2818489, at *3 (D. Mass. 2006)).

Moreover, GSG further argues, without providing any legal basis or authority, that non-party discovery of this nature is simply a rare occurrence that is limited and only allowed "in exceptional circumstances." This statement, however, is completely unsupported.

Finally, GSG requests that AIP stay its subpoena to the Home Depot until the parties meet and confer. Nevertheless, before issuing the subpoena AIP carefully weighed the issues – legal and otherwise – and concluded that the subpoena is legal and had to be issued based on the allegations and claims made by GSG in its complaint. Perhaps, GSG should have taken the same care before filing its complaint against AIP.

AIP is willing to discuss in good faith the date and time of the deposition of Mr. Giallanza to accommodate to the schedule of the parties. Nevertheless, it is not willing to cancel the deposition indefinitely.

Sincerely,

MELLADO & MELLADO-VILLARREAL

Jairo Mellado-Villarreal

Tessie Leal-Garabis