IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GLOBAL SALES GROUP, CORP.** *Plaintiff* v. **SENCI POWER USA, INC. D/B/A/ A-IPOWER, CORP.** *Defendant* | Civil No. 23-cv 01213 (SCC) Re: Breach of Contract; Violation of the Puerto Rico Dealer's Act, Act No. 75 of June 24, 1964, as amended 10 P.R. Laws Ann. §278, *et seq.* |

**MOTION TO QUASH SUBPOENA AND REQUEST FOR ATTORNEY'S FEES**

**TO THE HONORABLE COURT:**

**COMES NOW**, Any Parts Corporation ("Any Parts"), through the undersigned attorney, and respectfully move this Honorable Court to enter an Order quashing the subpoena served on Any Parts respectfully by STATING and PRAYING:

## I.     INTRODUCTION

Plaintiff Global Sales Group, Corp. ("GSG") served a subpoena to produce documents on Any Parts Corporation ("Any Parts") on September 7, 2024.  A review of the subpoena reveals that it seeks documents that are in possession of defendant Senci Power U.S.A., Inc. d/b/a A-IPOWER ("A-Ipower"). **See Exhibit A, Subpoenae**. These documents can be properly obtained from iPower in the course of discovery proceedings in this case resulting in less unnecessary time and effort of the appearing party to produce duplicative discovery.  Furthermore, there are several document requests that are irrelevant to GSG's causes of action and merely seek to oppress iPower and impose an undue burden.  As such, we herein move to quash the subpoena served on Any Parts and respectfully request attorneys' fees.

## II.   ALLEGATIONS IN THE COMPLAINT AND ANSWER TO THE COMPLAINT

In its Complaint GSI raises two causes of action against A-iPower: 1) breach of contract as to payment of commissions and 2) unlawful impairment and subsequent termination of GSG's Exclusive Distribution Rights in Violation of the Puerto Rico Dealers Act.   GSI seeks damages for the unpaid commissions by A-iPower and for the impairment and termination of distribution exclusive rights.  *See Dkt. 47, Amended Complaint.*

GSI mentions in its Amended Complaint that it has "[o]btained evidence that A-iPower had, in fact, made direct sales to Puerto Rico retailers, like "Any Parts, Corporation.  By information and belief, A-iPower has made over $5,000,000.00 in direct sales to "Any Parts, Corporation", circumventing GSG''s exclusive distribution channel for Puerto Rico" *See ¶ 25, Dkt. 47, Amended Complaint.*  By the same token in the next paragraph which is numbered 25(sic) GSG states that "[o]n repeated occasions, GSG has formally requested from A-iPower an accurate accounting of all direct sales made by A-iPower in GSG's exclusive sales territory, so that the corresponding commissions for these sales can be calculated and paid by A-iPower. To date, A-iPower has refused to produce this information, and has yet to pay any commissions to GSG for its direct sales in GSG's exclusive sales territory." *See ¶ 25, Dkt. 47, Amended Complaint.*

In its Answer to the Amended Complaint, A-iPower affirmatively alleged that GSG was not a exclusive distributor and/or the exclusive distributor of AIP products in Puerto Rico, therefore AIP could sell its products in Puerto Rico through other stores or point of sales.  *See Dkt. No. 25, ¶25.*  Also, GSG affirmatively alleged that since GSG never had an exclusive territory it was not entitled to any information regarding the direct sales made by AIP and that such information was confidential in nature and proprietary business information it was not required to

produce. *See Dkt. No. 25, ¶25*(sic).

### III.     DOCUMENTS REQUESTED TO ANY PARTS

1. Copy of any and all agreements by and between Any Parts Corporation, OE Global Parts., Senci Power USA, Inc. d/b/a/ A-iPower and/or Chongqing Senci Imp. & Esp. Co. Ltd. (a/k/a "Chongqing Seci Group") for the sale and distribution of "A-iPower" branded products.

2. Copy of any and all purchase orders sent to Any Parts Corporation and/or OE Global Parts, Inc. to Senci Power USA, Inc. d/b/a A-iPower Corp. and/or Chongqing Senci Imp. & Esp. Co. Ltd. (a/k/a "Chongqing Seci Group") for the purchase of "A-iPower products" branded products.

3. Copy of any and all invoices received by Any Parts Corporation and/or OE Global Parts, Inc. from Senci Power USA, Inc. d/b/a A-iPower Corp. and/or Chongqing Senci Imp. & Esp. Co. Ltd. (a/k/a "Chongqing Seci Group") for the sale of "A-iPower" branded products.

4. Copy of all shipping documents and receipts received or generated by Any Parts Corporation and/or OE Global Parts, Inc. related in any way to the sale of "A-iPower" branded products.

5. Copy of any and all communications, documents or other information (including without limitation, emails, letters, faxes, text messages and instant messages) exchanged by and between Any Parts Corporation, OE Global Parts, Inc., Senci Power USA, Inc. d/b/a A-iPower Corp. and/or d/b/a A-iPower Corp. and/or Chongqing Senci Imp. & Esp. Co. Ltd. (a/k/a "Chongqing Seci Group") related in any way to the sale and distribution of "A-iPower" branded products.

6. Copy of any and all financial records, including bank statements, ledgers, and accounting records, that reflect the revenue, profits, or income derived by Any Parts Corporation and/or OE Global Parts, Inc. and/or OE Global Parts, Inc., from the sale and distribution of "A-iPower" branded products in Puerto Rico and/or the United States Virgin Islands.

7. Copy of any and all documents and communications (including, without limitation, emails, letters, faxes, text messages and instant messages) between Any Parts Corporation and any affiliate or third party regarding the purchase, sale, or distribution of "A-iPower" branded products.

8. Copy of any other documents or records in the possession, custody or control of Any Parts that are related in any way to the purchase, sale or distribution of "A-iPower" branded products.

## IV.  STANDARD OF REVIEW TO QUASH SUBPOENAS

To compel non-parties to produce documents, a movant must serve the non-party a subpoena pursuant to Fed. R. Civ. P. 45. *See* Vazquez-Fernandez v. Cambridge Coll., Inc., 269 F.R.D. 150, 165 (D.P.R. 2010). Rule 45(d) allows a party or attorney to issue third-party subpoenas if they:

> [T]ake reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Philips Med. Sys. Puerto Rico, Inc. v. Alpha Biomedical & Diagnostic Corp., 2020 WL 12604854, at *2 (D.P.R. 2020) (quoting Fed. R. Civ. P. 45(d)(1)). A Rule 45 subpoena is subject to the scope of discoverable information set forth in Fed. R. Civ. P. 26 (b)(1). *See* Smith v. Turbocombustor Tech., Inc., 338 F.R.D. 174, 176 (D. Mass. 2021). This rule states that "[p]arties may obtain

discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]". Fed. R. Civ. P. 26(b)(1).  Under said rule only relevant information may be sought which means that "[b]ear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in case the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); *see also* Torres-Román v. Martínez-Ocasio, Civil No. 21-1621 (GMM), 2023 WL 8372045, at *4 (D.P.R. Dec. 1, 2023).  The courts must limit discovery if they determine that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added); *see also* Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 244 F.3d 189, 193 (1st Cir. 2001); Puerto Rico Aqueduct and Sewer Authority v. Clow Corp., 108 F.R.D. 304, 312 (D.P.R. 1985).

When determining whether a Rule 45(d) subpoena duces tecum results in an undue burden, factors to consider include " 'the relevance of the documents sought, the necessity of the documents sought, the breadth of the request,' " and the " 'expense and inconvenience.' " Behrend v. Comcast Corp., 248 F.R.D. 84, 86 (D. Mass. 2008) (examining Rule 45(c), the prior iteration of Rule 45(d)) (quoting Demers v. LaMontagne, Civ. A. No. 98-10762-REK, 1999 WL 1627978, at *2 (D. Mass. May 5, 1999)); *see also* Green, 152 F. Supp. 3d at 36 (considering relevance, requesting party's need for discovery, breadth of request, and burden when analyzing nonparty subpoena).  9A Fed. Prac. & Proc. Civ. § 2457 (3d ed.)

The District Court of Puerto Rico has clearly held that the party seeking to quash a subpoena "bears the burden to persuade the Court that the subpoena imposes an undue burden upon it" and it "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of

insisting upon compliance." Sterling Merch. Inc. v. Nestle, S.A., 2008 WL 1767092, at *1-2 (D.P.R. 2008)

## V. ARGUMENTS

### a. *The document requests made in the subpoena by GSG seek documents that can be obtained from A-iPower*

A cursory review of the document requests made by GSG clearly evinces that these documents are in A-iPower's possession. As a result, if Any Parts was forced to comply with the subpoena, the resulting documents will be identical and/or duplicative to those which GSG should receive from the defendant in the case, that is, iPower.

Document Requests Nos. 1, 2, 3, 4 and 5 seek the following documents: 1) agreements between iPower and Any Parts; 2) purchase orders received by iPower from Any Parts; 3) invoices received by Any Parts from iPower; 4) shipping documents; 4) communications, documents or information exchanged between Any Parts and iPower. It is evident that all of these document can be obtained from iPower which is the party to the case. As a result of the foregoing, it will be more convenient, less burdensome and expensive for iPower to produce these documents. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (quashing a subpoena that sought information from a nonparty that pertained to a party since the movant could more easily and inexpensively obtain the documents from the party itself). Furthermore, if Any Parts, which is a non-party to this case, is required to search and produce all these documents it will invest considerable time and effort.

We must note that a mere conclusory statement by GSG in its Amended Complaint that it can't obtain documents from A-iPower does not warrant that Any Parts provide such information. Clearly, GSG can seek a Court Order requesting the production of such documents through less burdensome efforts to be imposed on the appearing party. As such, GSG should request the

documents to the defendant A-iPower.

### b. *The document requests made by GSG are not relevant to its cause of action*

GSG has made several requests that are not relevant and/or necessary to pursue its cause of action.

On Document Request No. 6 GSG seeks all the financial records, bank statements, ledgers that reflect the revenues derived by Any Parts from its sales of *A-iPower* branded products. This information is not warranted under Act 75 since GSG's damages for unjust termination or impairment of the distribution relationship take into account the profits that GSG derived during the last five years of the relationship, in other words, the growth factor in the five years prior to impairment. 10 P.R. Laws Ann. § 278b. Thus, Any Parts profits are completely irrelevant to the case at bar and do not have to be disclosed. In addition, the breadth of the request is unreasonable.

Furthermore, on Document Request No. 7 wherein GSG seeks information of all communications between Any Parts and third parties regarding the purchase, sale or distribution of "A-iPower" branded products is overbroad and unduly burdensome. This information is not relevant to GSG's causes of action and not conducive to evidence that pertains to its cause of action against A-iPower.

Lastly, the blanket request made in Document Request No. 8 is a vague and overbroad. The production of all the documents relating in any way to the sale and distribution of *A-iPower* branded products is clearly insufficient to warrant this production of documents.

### c. *Attorney's fees are warranted against GSG for the improper subpoena served on Any Parts*

Under Rule 45(d)(1), when a party issues a subpoena without taking "reasonable steps to avoid imposing undue burden or expense" on a third party, the issuing court "must ... impose an appropriate sanction — which may include lost earnings and reasonable

attorney's fees" — on the party or attorney responsible for the failure to do so. Fed. R. Civ. P. 45(d)(1).  *See also* FRCP 37(a)(5)(A).

As shown above, GSG served a Subpoena on Any Parts that is irrelevant and imposes an undue burden and expense on the appearing non-parties. If the instant motion is granted, the non-appearing parties request a 5-day period to provide the Court with the necessary documents for it to determine the proper attorney fees.

**WHEREFORE,** the Parties respectfully urge this Honorable Court to quash the subpoena served on Any Parts and 5-day period to provide the Court with the necessary documents for it to determine the proper attorney fees in the filing of this motion.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 18th day of September 2024.

**BELÉNDEZ LAW OFFICES**
PO BOX 11534
SAN JUAN, PUERTO RICO 00922
Telephone: (787) 406-8668


By:  s/Laura Beléndez Ferrero
USDC NO. 216301
Lbelendez@msn.com