# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GLOBAL SALES GROUP, CORP.<br>Plaintiff,<br><br>v.<br><br>SENCI POWER USA, INC. D/B/A A-IPOWER, CORP.<br>Defendant. | Civil No. 23-1213 (SCC) |

## ORDER

Pending before the Court is the Motion to Quash Subpoena and Request for Attorneys' Fees filed by Any Parts Corporation ("Any Parts") at Docket No. 71. Any Parts, a nonparty to the instant case, was served with a subpoena to produce documents under Rule 45 of the Federal Rules of Civil Procedure. Any Parts moved to quash the subpoena arguing that the subpoena seeks documents that could be produced by Defendant or documents that are irrelevant to Global Sales Group, Corp.'s ("Global Sales") causes of action in this case. Docket No. 71. Global Sales objected to the motion at Docket No. 72. On October 16, 2024, the undersigned held an argumentative hearing. Docket No. 91. The parties were ordered to confer and inform the Court on the results of their negotiations. No agreements were reached but Global Sales waived its Request No. 6 of Attachment A to the subpoena.[1] See Docket No. 93. The Court rules on Request Nos. 1, 2, 3, 4, 5, 7, and 8 as follows.

Rule 45(a) of the Federal Rules of Civil Procedure allows a party to serve on a nonparty a subpoena to produce documents. Fed.R.Civ.P. 45(a). The nonparty who receives a subpoena may object to the requested production and move to quash the subpoena when, among other reasons, the sought production represents an undue burden. Fed.R.Civ.P. 45(d)(3). The burden to establish that the subpoena should be quashed rests with the movant. 9A Wright and Miller, Federal Practice

---

[1] Request No. 6 sought: Copy of any and all financial records, including bank statements, ledgers, and accounting records, that reflect the revenue, profits, or income derived by Any Parts Corporation and/or OE Global Parts, Inc., from the sale or distribution of "A-iPower" branded products in Puerto Rico and/or the United States Virgin Islands.

and Procedure at § 2459. If the documents sought are not subject to privilege and might be relevant to the controversies posed in the case, the discovery is generally allowed. Id. The scope of documents that are discoverable through a subpoena is governed by Rule 26 of the Federal Rules of Civil Procedure, "which allows discovery of items reasonably calculated to lead to the discovery of admissible evidence." Jee Fam. Holdings, LLC v. San Jorge Children's Healthcare, Inc., 297 F.R.D. 19, 20 (D.P.R. 2014) (citing Fed.R.Civ.P. 26(b)(1), internal quotations omitted).

Any Parts has not asserted privilege, the need to protect a trade or commercial secret, or that it would have to incur in unreasonable expenses to comply with the subpoena. The Court thus reviews for undue burden—considering whether the sought information is necessary and whether it is available from any other source. 9A Wright and Miller at §2463.1.

Global has requested the following documents in Attachment A to the subpoena:

1. Copy of any and all agreements by and between Any Parts Corporation, OE Global Parts, Inc., Senci Power USA, Inc. d/b/a A-iPower Corp. and/or Chongqing Senci Imp. & Exp. Co. Ltd. (a/k/a "Chongqing Senci Group") for the sale and distribution of "A-iPower" branded products.

2. Copy of any and all purchase orders sent by Any Parts Corporation and/or OE Global Parts, Inc. to Senci Power USA, Inc. d/b/a A-iPower Corp. and/or Chongqing Senci Imp. & Exp. Co. Ltd. (a/k/a "Chongqing Senci Group") for the purchase of "A-iPower" branded products.

Any Parts initially argued that production of the foregoing documents was unduly burdensome because these could be obtained from Defendant. However, in its motion at Docket No. 93, Any Parts has now explained that it obtained all A-iPower branded products from OE Global Parts, Inc. ("OE Global") and not directly from Defendant. This being the case, Defendant would not have access to documents exchanged between Any Parts and OE Global for the purchase and sale of A-iPower products by Any Parts. Those documents would be in the hands of Any Parts and OE Global only. Nevertheless, Any Parts now informs that no written agreements or purchase orders exist as the purchases of A-iPower products by Any Parts were made by telephone. Any Parts has offered to provide Global Sales a statement under penalty of perjury as evidence of the foregoing. Any Parts is thus **ORDERED** to provide Global Sales a statement under penalty of perjury to establish that it is not in possession of any documents that are responsive Request Nos. 1 and 2 above by **November 20, 2024**.

Global Sales also requested:

3. Copy of any and all invoices received by Any Parts Corporation and/or OE Global Parts, Inc. from Senci Power USA, Inc. d/b/a A-iPower Corp. and/or Chongqing Senci Imp. & Exp. Co. Ltd. (a/k/a "Chongqing Senci Group") for the sale of "A-iPower" branded products.

4. Copy of any and all shipping documents and receipts received or generated by Any Parts Corporation and/or OE Global Parts, Inc. related in any way to the same of "A-iPower" branded products.

5. Copy of any and all communications, documents or other information (including, without limitation, emails, letters, faxes, text messages, and instant messages) exchanged by and between Any Parts Corporation, OE Global Parts, Inc., Senci Power USA, Inc. d/b/a A-iPower Corp. and/or Chongqing Senci Imp. & Exp. Co. Ltd. (a/k/a "Chongqing Senci Group") related in any way the sale and distribution of "A-iPower" branded products.

7. Copy of any and all documents and communications (including, without limitation, emails, letters, faxes, text messages, and instant messages) between Any Parts Corporation and any affiliate or third party regarding the purchase, sale, or distribution of "A-iPower" branded products.

8. Copy of any other documents or records in the possession, custody, or control of Any Parts Corporation that are related in any way to the purchase, sale, or distribution of "A-iPower" branded products.

Initially, Any Parts also argued that any responsive documents to Request Nos. 3, 4, and 5 could be sought from Defendant and that a nonparty should not be bothered with the expenses of producing documents available to Global Sales through other means. Docket No. 71. But in its motion at Docket No. 93, Any Parts now argues that any responsive documents to those requests, and to those in Request Nos. 7 and 8, are not relevant to the claims asserted by Global Sales in this case. I disagree. The sought documents are relevant to the claims asserted by Global Sales and cannot be obtained from Defendant.

In the Amended Complaint, Global Sales claims relief for the impairment and subsequent termination of its purported exclusive distribution agreement for the distribution of A-iPower products in Puerto Rico. Docket No. 47. Global Sales alleges that in the year 2014, it was appointed the exclusive distributor of A-iPower products in Puerto Rico. Id. at ¶ 10. As alleged, this relationship was terminated by A-iPower without just cause in the year 2023. Id. at ¶¶ 34-35. It is also alleged that A-iPower made over $5,000,000 in direct sales to Any Parts "circumventing GSG's exclusive distribution channel for Puerto Rico" and designated Any Parts as its new

3

distributor in Puerto Rico. Id. at ¶¶ 25, 35. Global Sales seeks the payment of unpaid commissions and the imposition of damages against A-iPower for violations to the Puerto Rico Dealers' Act. Id. at pp. 11-12. Any Parts has admitted that it acquired A-iPower branded products for the sale of such products in Puerto Rico through OE Global. Because Global Sales alleges that it was the exclusive distributor of A-iPower products from 2014 through 2023, presumably the sale of any A-iPower products in Puerto Rico during that time should have been made through Global Sales. The circumstances under which Any Parts acquired and sold any such products during the relevant time are thus relevant to the controversies in this case. Any Parts has not shown that producing responsive documents would be unduly burdensome and onerous. See Dumanian v. First Bank Puerto Rico, 2021 WL 5982638, at *3 (D.P.R. Dec. 17, 2021) (quoting Sterling Merch. Inc. v. Nestle, S.A., 2008 WL 1767092, at *1-2 (D.P.R. 2008)) (a party resisting subpoena "cannot rely on a mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance."). Any Parts' motion to quash these requests is **DENIED**. Any Parts is **ORDERED** to produce any responsive documents to Request Nos. 3, 4, 5, 7, and 8 on or before **November 20, 2024**.

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 6th day of November 2024.

                                        s/Giselle López-Soler
                                        GISELLE LÓPEZ-SOLER
                                        United States Magistrate Judge