IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Global Sales Group, Corp., <br> Plaintiff, <br><br> v. <br><br> Senci Power USA, Inc. D/B/A A-iPower Corp., <br> Defendant. | Civil No. 23-1213 (SCC-GLS) |

**ORDER**

      Before the Court is Defendant Ai-Power's motion for leave to serve subpoena via certified mail on Plaintiff Global Sales Group's external Certified Public Accountant, Héctor Carrasquillo ("Carrasquillo"). Docket No. 113. Rule 45(b) (1) of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed.R.Civ.P. 45(b)(1). The First Circuit has not required that a subpoena be served by personal service. There is also an "emerging minority position" that service of a subpoena may not require in-hand service. Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed. 2008). See also In re New England Compounding Pharmacy, Inc. Products Liability Litigation, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013); Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012) (permitting service via certified mail); Sec. & Exch. Comm'n v. Pence, 322 F.R.D. 450, 454 (S.D.N.Y. 2017) (same).

      Defendant has represented to the Court that it diligently attempted to serve a subpoena on Carrasquillo through his registered agent and his assistant. Docket No. 113. According to his sworn statement, Defendant's process server attempted to serve Carrasquillo on December 5, December 6, December 10, and December 12, 2024, but was unable to do so. Defendant believes Carrasquillo is "evad[ing] service of the subpoena." Id. at p. 2; 113-4. Plaintiff does not object to service by certified mail. Docket No. 114. Instead, Plaintiff sustains that the information sought from Carrasquillo is irrelevant and has been produced, that the sought discovery infringes CPA-client and trade secrets privileges, and that Defendant has not demonstrated a need to depose a non-party.

<u>Id</u>. The objections raised by Plaintiff are premature. Defendant's subpoena does not require the production of documents. The subpoena is intended to elicit oral testimony on the topic included in Docket No. 113-3 at p. 8. Plaintiff may raise any applicable objections to the questions that will be posed by Defendant during the deposition, including objections based on relevance and privilege if warranted. Defendant's motion at Docket No. 113 is **GRANTED**. Defendant is to serve the subpoena on Carrasquillo via certified mail. Carrasquillo's deposition is to take place within fourteen (14) days of service, which should be no later than **January 31, 2025**.

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 10th day of January 2025.

                                                   <u>s/Giselle López-Soler</u>
                                                   GISELLE LÓPEZ-SOLER
                                                   United States Magistrate Judge